## CLEAR *et ux.* v. REASOR.

1. **Slander:** INSTRUCTION. In an action for slander for words spoken imputing want of chastity to the plaintiff, the defendant introduced evidence of circumstances tending to show the truth of the words spoken, and, thereupon, the plaintiff introduced testimony tending to explain such circumstances. In respect to this evidence the court, in substance, charged the jury that if they should find that such circumstances could be explained upon any hypothesis consistent with her innocence of the acts imputed, then it was their duty to give them such explanation and consider such acts unproved. It was urged that the instruction was erroneous, in that it did not leave to the jury to determine whether the suspicious circumstances *had* been explained, but instructed them that if they found they *could* be, then they should consider the facts unproved. It was also urged, that it was erroneous in instructing the jury that they should find the matters unproved, if such circumstances, tending to prove the same, could be explained upon *any* hypothesis, when it should have been upon any *reasonable* hypothesis. *Held,* that while the instruction might be open to criticism, it contained no error sufficient to warrant a reversal.

2. —— EXCESSIVE DAMAGES. In the present action the court refused to disturb a verdict for $3,000 damages for the plaintiffs, on the ground that the same were excesssive.

*Appeal from Mahaska District Court.*

THURSDAY, AUGUST 4.

SLANDER.—The words charged impute a want of chastity to the wife. Verdict for $3,000. Judgment thereon, and defendant appeals.

*Seevers & Cutts* for the appellant.

*J. A. L. Crookham* for the appellee.

WRIGHT, J. — Appellant makes but two questions. *First.* It appears, that under his answer defendant introduced material evidence in mitigation of damages, and which, if believed, tended to such mitigation, and that

plaintiffs produced testimony tending to explain the circumstances thus shown by defendant. In this state of the case the court instructed the jury as follows: "If you find defendant has introduced evidence of circumstances, which he claims tend to show the truth of any one of these facts (referring to the matter or acts concerning which the words were spoken), and relies only upon such circumstances, and you further find that such circumstances can be explained upon any hypothesis consistent with her innocence of any such imprudent conduct, then it is your duty to give them such explanation and consider such facts unproved." Defendant complains of this instruction, because it was not left to the jury to determine whether the suspicious circumstances *had* been explained, but instructed them that if they *could* (or *can*) be, then they should consider the facts unproved. It is also urged, that the circumstances must have been explained upon some *reasonable* hypothesis, consistent with innocence, and not upon *any* hypothesis.

In the hands of counsel seeking therefor, this instruction is doubtless, as suggested in the argument, justly open to *criticism*. But not every instruction or ruling thus liable has such prejudicial error as to warrant a reversal. We must give to the language used in this, as in all cases, a fair and reasonable construction, and are bound to presume that the jury, as men of common sense, acting under their oaths, so understood and applied it. It would be doing great violence to this presumption, and to the ordinary course of judicial proceedings, to suppose that the jury looked at any thing else than the testimony—the facts before them—in determining whether the suspicious circumstances upon which defendant relied had been or could be explained. The court never intended to say, nor could the jury well or reasonably understand, that if these circumstances *might* be explained, if you

Clear v. Reasor.

can imagine that plaintiff *could* explain them, they should have such explaination.    And, as to the other criticism, we only say, that if the hypothesis was found to be consistent with plaintiff's innocence, it could not well be so without being *reasonable*.    The cardinal thought, that to which the attention of the jury was directed, is :    Was *plaintiff's innocence consistent* with the alleged or claimed suspicious or damaging circumstances ?    If not, then the ground or hypothesis was untenable and unreasonable, and should not be entertained.    If so, then it *was* and should be. As thus understood, the instruction, as against these objections, was right.    Whether it is in all respects unobjectionable, we do not decide.    It is sufficient for the purposes of this case to meet the objections urged by counsel.    Beyond this we do not go, nor is it necessary.

*Second.* It is claimed that the damages are excessive. The jury allowed the whole amount claimed in the petition, and if they believed the testimony of plaintiff's witnesses they were justified in so doing.    The words were spoken, words of the gravest character, imputing a want of chastity.    The real contest was as to the wife's previous character.    Defendant's testimony tended strongly to show it to be bad,    A very strong array of witnesses on the part of plaintiff, however, place her above all suspicion, giving her the very highest character as a woman of unusually industrious and commendable habits, in no manner obnoxious to the charge made by defendant and. his witnesses.    In this conflict we cannot interfere.    It was for the jury to decide.    *Denslow* v. *Van Horn*, 16 Iowa, 476 ; *Russ* v. *War Eagle*, 14 id. 363 ; *Brown* v. *Jefferson County*, 16 id. 339 ; *Schrimper* v. *Heilman*, 24 id. 505.

Other cases might be cited, for the books are full of them, but these will suffice.

Affirmed.